IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO._____

1:03CV00409

---

VALDESE WEAVERS, INC., :
: COMPLAINT
Plaintiff, :
:
v. :
:
AMERICAN CENTURY HOME FABRICS, :
INC., JST AMERICA, INC., HUA JIANG, :
KATHY HUANG and DAVID PETRUSCH, :
:
Defendants. :

---x

Plaintiff, through its attorneys, for its Complaint against Defendants alleges as follows:

## COUNT I

1. This Count of the Complaint, as more fully stated below, arises under Title 17 of the United States Code. Jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 and 1338(a), and proper venue exists under 28 U.S.C. § 1391 in that the defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

2. Plaintiff, VALDESE WEAVERS, INC. (hereinafter referred to as "Plaintiff" or "Valdese"), is a corporation organized and existing under the laws of the

237087.1

State of North Carolina, having an office and place of business at 1000 Perkins Road, S.E., Valdese, North Carolina 28690.

3. Upon information and belief, defendant, American Century Home Fabrics, Inc. (hereinafter referred to as "American Century") is a corporation organized and existing under the laws of the State of North Carolina, having an office and place of business at 1303 Corporation Drive, High Point, North Carolina 27263; and, in virtue of the activities complained of herein, is subject to the jurisdiction and venue of this Court within this judicial district.

4. Upon information and belief, defendant J.S.T. America Inc. (hereinafter referred to as "J.S.T.") is a corporation organized and existing under the laws of the State of Florida, having an office and place of business at 1303 Corporation Drive, High Point, North Carolina 27263; and in virtue of the activities complained of herein, is subject to the jurisdiction and venue of this Court within this judicial district.

5. Upon information and belief, defendant Hua Jiang (hereinafter referred to as "Jiang"), an individual, is the owner and CEO of defendants American Century and J.S.T. As such, upon information and belief, Jiang directs and controls American Century and J.S.T., and is an active, conscious and dominant force behind the infringing activities alleged herein.

6. Upon information and belief, defendant Kathy Huang (hereinafter referred to as "Huang"), an individual, is the President of defendants American Century and J.S.T. As such, upon information and belief, Huang directs and controls American

Century and J.S.T., and is an active, conscious and dominant force behind the infringing activities alleged herein.

7. Upon information and belief, defendant David Petrusch (hereinafter referred to as "Petrusch"), an individual, is the Vice President of defendants American Century and J.S.T. As such, upon information and belief, Petrusch directs and controls American Century and J.S.T., and is an active, conscious and dominant force behind the infringing activities alleged herein. Defendants American Century, J.S.T., Jiang, Huang and Petrusch are hereinafter jointly referred to as "Defendants."

8. Valdese is the proprietor of a fabric design which it designates as "Fabric Pattern No. 70231," entitled "Large 'Cut Velvet' Damask."

9. Said fabric design contains material which is wholly original and which is copyrightable subject matter under the Copyright Laws of the United States of America.

10. On or about February 2, 1998, said fabric design was published.

11. Since the publication date, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Plaintiff; and a certificate of registration has been duly received from the Register of Copyrights pertaining to said Pattern No. 70231: Certificate of Copyright Registration No. VA 875-990, which has been supplemented with Certificate of Copyright Registration No. VA 1-154-591.

12. Valdese is, and for all times relevant hereto has been, the sole proprietor of all right, title and interest in and to the copyright of said Pattern No. 70231.

13. A photostatic copy, on a reduced scale, of a portion of said Pattern No. 70231 fabric design is annexed hereto and identified as "Complaint Exhibit A."

14. Subsequent to the publication by Valdese of its Pattern No. 70231, one or more of the Defendants infringed Plaintiff's copyright in such fabric design by reproducing, displaying, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising a copy of said fabric design or by causing and/or participating in such reproducing, displaying, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Plaintiff under Section 106 of the Copyright Law, Title 17 of the United States Code. A photostatic copy of the infringement of said Pattern No. 70231 on a reduced scale, which one or more Defendants wove or had woven for it or them and sold, is annexed hereto and identified as "Complaint Exhibit B."

15. All of the Defendants' acts as set forth herein were performed without the permission, license, or consent of Plaintiff Valdese.

16. Plaintiff Valdese has been damaged by the acts of Defendants alleged in this Count in an amount not as yet known, but believed to be in excess of two hundred and fifty thousand dollars ($250,000.00). The activities of Defendants are further and continuously damaging Plaintiff Valdese in a manner with respect to which Plaintiff has no adequate remedy at law.

## COUNT II

17. Plaintiff repeats the allegations of paragraphs 1-7 above as if set forth herein in their entirety.

18. Valdese is the proprietor of a fabric design which it designates as "Fabric Pattern No. 715," entitled "Chenille Tapestry."

19. Said fabric design contains material which is wholly original and which is copyrightable subject matter under the Copyright Laws of the United States of America.

20. On or about April 11, 1997, said fabric design was published.

21. Since the publication date, all of the provisions of Title 17 of the United States Code and all of the laws governing copyright have been duly complied with by Plaintiff; and a certificate of registration has been duly received from the Register of Copyrights pertaining to said Pattern No. 715 identified as follows: Certificate of Copyright Registration No. VA 828-919, which has been supplemented with Certificate of Copyright Registration No. VA 1-154-588.

22. Valdese is, and during all relevant times herein has been, the sole proprietor of all right, title, and interest in and to the copyright in said Pattern No. 715 fabric design.

23. A photostatic copy, on a reduced scale, of a portion of said fabric Pattern No. 715 is annexed hereto an identified as "Complaint Exhibit C."

24. Subsequent to the publication by Valdese of its Pattern No. 715 fabric design, one or more of the Defendants infringed Plaintiff's copyright in such fabric

design by reproducing, displaying, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising a copy of said fabric design or by causing and/or participating in such reproducing, displaying, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Plaintiff under Section 106 of the Copyright Law, Title 17 of the United States Code. A photostatic copy of the infringement of said Pattern No. 715 on a reduced scale, which one or more Defendants wove or had woven for it or them and sold, is annexed hereto and identified as "Complaint Exhibit D."

25. All of the Defendants' acts as set forth herein were performed without the permission, license, or consent of Plaintiff Valdese.

26. Plaintiff Valdese has been damaged by the acts of Defendants alleged in this Count in an amount not as yet known, but believed to be in excess of two hundred and fifty thousand dollars ($250,000.00). The activities of Defendants are further and continuously damaging Plaintiff Valdese in a manner with respect to which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff Valdese demands:

A. A preliminary and permanent injunction restraining, enjoining and prohibiting Defendants, and their officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert and participation with it or them from infringing the copyrights of Plaintiff Valdese, including as evidenced by Certificates of Copyright Registration Nos. VA 875-990 and VA 828-919, including,

but not limited to, preventing them from importing, reproducing, displaying, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting, or advertising copies of such fabric designs or by causing or participating in such importing, reproducing, displaying, manufacturing, weaving, printing, reprinting, publishing, distributing, selling or promoting or advertising.

      B.    That Defendants be required to recall from all recipients thereof and deliver to Plaintiff for destruction all copies of Plaintiff's copyrighted fabric designs used for infringement of the copyrights therein, as well as all molds, stencils, plates, or other materials for making such infringing matter in the possession or under the control of either or both of such Defendants or any of it or their agents, servants, employees, attorneys or other parties in privity with it or them.

      C.    That Defendants be required to pay to Plaintiff Valdese statutory damages, or such damage as Plaintiff has sustained in consequence of the infringement by Defendants of Plaintiff's copyrighted fabric designs and to account for all gains, profits, and advantages and reasonable attorneys' fees relative to such infringement to be allowed Plaintiff by the Court.

      D.    That Defendants be required to pay Plaintiff's costs, including its attorneys' fees, in this action.

E. That Plaintiff have such other and further relief as this Court may deem just and appropriate.

This 12 day of May, 2003.

_____
Charles E. Johnson
N.C. Bar No. 9890
Angelique R. Vincent
N.C. Bar No. 29647

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-2536

Attorneys for Plaintiff
Valdese Weavers, Inc.

ATTACHMENT/EXHIBIT __A__



205949.1

ATTACHMENT/EXHIBIT B



205949.1

ATTACHMENT/EXHIBIT __C_____



205941.1

ATTACHMENT/EXHIBIT   D



205941.1